HERMANCE v. HERMANCE.

1. DIVORCE—CUSTODY OF CHILD—MEDICAL CARE—LIVING CONDITIONS.
   Award of custody of 8-year-old girl to defendant father on his petition for her custody is not disturbed, where it appears that the child is in need of medical care for a bad eye condition that plaintiff wife was either unable or negligent in providing for the child and living conditions appear to be more satisfactory for child with husband and his second wife, since such order is for the best interests of the child.

2. SAME—CUSTODY OF CHILD—COSTS—CHANGE OF CIRCUMSTANCES.
   Order awarding custody of 9-year-old girl to defendant father is affirmed, without costs, and without prejudice to future modification of decree by trial court as changed circumstances may require.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted June 15, 1950. (Docket No. 43, Calendar No. 44,796.) Decided September 11, 1950.

Divorce proceedings by Violet Hermance against Max Ellwood Hermance. On petition of defendant for modification of decree as relates to custody of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Divorce and Separation, §§ 683, 684.

child.    Decree modified.    Plaintiff appeals.    Affirmed.

*Allaben, Wiarda, Hayes & Hewitt,* for plaintiff.

*Bahna & Bahna,* for defendant.

BOYLES, C. J.    These parties were married in 1941 and divorced in 1947.    By the decree the plaintiff was given custody of their only child, Maxine, born April 20, 1941.    In accordance with a property settlement embodied in the decree, the defendant was ordered to pay plaintiff $12 per week for the minor's support.    In 1948, the defendant filed a petition for modification of the decree and on May 11, 1948, after due notice and a hearing thereon, the trial court reduced the amount to $9 per week.    About 4 months later the plaintiff filed a petition claiming a further change of circumstances of the parties, that the minor had eye trouble requiring medical attention or surgery, and asked for an increased allowance for that purpose.    The defendant filed an answer, but the record indicates there was no hearing on this petition or any change in the decree.    On November 14, 1949, the defendant filed another petition to modify the decree, in which he asked for custody of the minor.    Plaintiff contested, and on November 22, 1949, after hearing and taking considerable testimony, the court entered an amended decree granting custody to the defendant, with visitation by plaintiff, and cancelling the requirements for payment of support money.    Plaintiff appeals.

 Both parties had remarried.    Plaintiff has 2 children by her second marriage, one 5 months old and the other 2 years at the time of the hearing.    Plaintiff, her husband and the 3 children (including Maxine) were living in a house trailer with an additional room and porch built on, parked in a trailer court.

A probation officer of the juvenile court, sent to investigate complaints regarding Maxine's care, testified as to conditions under which Maxine lived. Without attempting to repeat it at length, there was positive testimony fully establishing that the trailer home was not a fit place for the child, that she was not attending school regularly, and was not receiving proper care. There also was negative testimony by 2 neighbor housewives that when they visited plaintiff's house trailer they saw no filth or uncleanliness, except perhaps clothing and unwashed dishes.

The record is undisputed that the defendant and his wife have a satisfactory 5-room home for Maxine, desire to have her, and are fully able to take care of her properly. At the time of the hearing they had no child in their home, but ample room for Maxine. The most serious aspect of the case lies in the fact that Maxine must have medical care for a bad eye condition, which plaintiff seems to be unable to provide or negligent in attending to it. The court concluded that it would be for the best interests of the child to give defendant the custody. A careful reading of this record does not impel us to a different conclusion.

Affirmed, without costs, and without prejudice to any future modification of the decree by the trial court as to custody which any change in circumstances may require.

Reid, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.